IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| LISA TORREY, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 5:17-cv-00190-RWS |
| INFECTIOUS DISEASES SOCIETY OF, § | |
| AMERICA, et al. § | |
| § | |
| Defendants. § | |

**PLAINTIFFS' RESPONSE TO BLUE CROSS AND BLUE SHIELD ASSOCIATION'S INDIVIDUAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs respectfully submit this response to Defendant Blue Cross Blue Shield Association's Individual Motion to Dismiss Plaintiffs' Complaint as follows:

Plaintiffs' complaint alleges a conspiracy among Defendants Anthem, Inc., Blue Cross and Blue Shield of Texas, Aetna Inc., Cigna Health and Life Insurance Company, Kaiser Foundation Health Plan, Inc., United Heathcare Services, Inc., UnitedHealth Group Incorporated, and Blue Cross and Blue Shield Association (collectively, the "Insurance Companies") and Defendant Infectious Diseases Society of America ("IDSA") to limit treatment for Lyme disease. It further alleges the Blue Cross and Blue Shield Association ("BCBSA" or the "Association") has license agreements with each of the thirty-six (36) health insurance plans (the "Plans") that operate under the Associations trademarks and tradenames.[1]

---

[1] Complaint ¶25.

## I. The Association Improperly Seeks Dismissal Under Rule 12(b)(6) Based On Its Assertion Of A Factual Issue.

At the heart of the Association's Motion is that it cannot be liable under Plaintiffs' allegations "because it does not make insurance-coverage decisions."[2] Whether it makes insurance coverage decisions is a fact issue raised by the Association which is not appropriate to adjudicate under Rule 12(b)(6).[3]

## II. Plaintiffs Disagree With Defendants' Factual Assertion.

Indeed, Plaintiffs take issue with the veracity of this factual assertion by the Association. The Association appears from all outside indications to make health care decisions which are adopted by the Plans which in turn control the Association. For example, with respect to opioids, the Association recently adopted a professional standard that opioids "should not be prescribed as first or second lines of pain therapy."[4] The Association states this standard was "unanimously supported by the *NCPE*, a committee that includes medical officers and pharmacy experts from Blue Cross and Blue Shield companies around the nation."[5] A quick review of the Association's website indicates that the Association's "chief medical officer" also leads the *NCPE*.[6]

---

[2] Doc. 38 pg. 2. As to the Association's argument of group pleading, the Plaintiffs incorporate herein the Plaintiffs' Response to the Insurance Defendants' Motion to Dismiss filed the same day as this Response.

[3] In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. See 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)").

[4] *See* Exhibit 1 ("Blue Cross Blue Shield Association Affirms Opioids Should Not Be Prescribed as First of Second Lines of Pain Therapy", dated March 29, 2018, and found at https://www.bcbs.com/blue-cross-blue-shield-association-press-releases.)

[5] *Id. (e*mphasis added).

[6] Exhibit 2 (emphasis added) (Trent Haywood Biography at the Association accessed on April 12, 2018, and found at https://www.bcbs.com/about-us/leadership/trent-haywood-md-jd). "NCPE" refers to the National Council of Physician Executives which "guide[s] the clinical direction across BCBS companies." *Id*.

Accordingly, the Blue Cross and Blue Shield Companies which license the trademark from the Association—known generally as the "Plans"—adopted the professional standard of the Association's standard setting group to limit prescription of opioids.

In the deposition of the Vice President of Strategic Business Services for the Association, the testimony was the Plans and the Association will form a "working group" with subject matter experts to develop programs and then "scale them on a national basis."[7] It can only "scale them on a national basis" by having each of the Plans adopt the decisions of the Association.

This type of behavior is what Plaintiffs complain about in the Complaint. Specifically, the Insurance Defendants—such as the Association—point to a standard setting organization which it influences in order to deny coverage for the treatment of Lyme disease.[8] In fact, the same Vice President for the Association admits that the Association "does have a role to play in lowering medical costs."[9]

The Association is at the heart of how health coverage is being dealt with on a national level with the Plans by which it is controlled. It only follows that discovery will show it also influences, if not controls, those coverage decisions related to Lyme disease.

For these reasons, and the reasons identified in the Plaintiffs' Response to the Insurance Defendants' Motion to Dismiss which is incorporated herein, the Plaintiffs' respectfully request the Court deny the Association's Motion To Dismiss.

---

[7] Exhibit 3 (Deposition Transcript from *In Re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), No. 2:13-CV-20000-RDP, Brief In Support Of Defendants' [Blue Cross/Blue Shield] Motion For Summary Judgment, Document 1353-53 at 4-5 (Transcript pages/lines 17:3-9; 19:09-21:15) (N.D. Ala. filed July 17, 2017) (citations omitted).)

[8] *See, e.g.*, Complaint at ¶ 76.

[9] *Id*. at 7 (Transcript page/line 168:18-23).

Respectfully submitted,

 */s/ Eugene Egdorf*

**SHRADER & ASSOCIATES, LLP**
Eugene Egdorf
State Bar No. 06479570
3900 Essex Lane, Suite 390
Houston, Texas 77027
Telephone: (713) 782-0000
Facsimile: (713) 571-9605
gene@shraderlaw.com

**LANCE LEE**
Lance Lee
State Bar No. 24004762
5511 Plaza Drive
Texarkana, Texas 75503
Telephone: (903) 223-0276
Facsimile: (903) 223-0210
wlancelee@gmail.com

**RUSTY HARDIN & ASSOCIATES, LLP**
Ryan K. Higgins
State Bar No. 24007362
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
rhiggins@rustyhardin.com

**HANSZEN LAPORTE**
Daniel R. Dutko
State Bar No. 24054206
11767 Katy Freeway, Suite 850
Houston, Texas 77079
Telephone: (713) 522-9444
Facsimile: (713) 524-2280
ddutko@hanszenlaporte.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of April, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

                                                */s/ Eugene Egdorf*
                                                EUGENE EGDORF