# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| LISA TORREY, et al., | § § | |
| Plaintiffs, | § § | Civil Action No. 5:17-cv-00190-RWS |
| v. | § § § | |
| INFECTIOUS DISEASES SOCIETY OF AMERICA, et al., | § § § § | |
| Defendants. | § § | |

## AGREED ORDER REGARDING E-DISCOVERY
## AND PRIVILEGE LOGGING

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders, including the Protective Order (Dkt. 80) and the Agreed Discovery Order (Dkt. 81). It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5.      Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

A.     **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Spreadsheet files, e.g., Excel, Lotus 123, or other documents containing calculations or formulas not viewable from TIFF images, shall be produced natively with a placeholder TIFF image that contains the filename and Bates number, and contains the message "Not Converted to TIFF." Native files shall be renamed to correspond with their production Bates number.

B.     **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C.     **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D.     **Native Files**. A party that receives a document produced in TIFF format may make a reasonable request for good cause to receive the document in its native format, and upon receipt of such a request that includes an explanation of the need for reviewing

such documents in native format, the producing party shall produce the document in its native format.

E.     **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F.     **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6.     General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail, parties must propound specific e-mail production requests.

7.     E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the fifteen most significant listed e-mail custodians in view of the pleaded claims and defenses,[1] and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court. The court may allow additional discovery upon a showing of good cause.

8.     E-mail production requests shall identify the custodian, search terms, and time frame. The custodian description requires a description of why the custodian is believed to be

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

significant. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting side shall limit its e-mail production requests to a total of eight custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Each requesting side shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

11. The below privilege logging provisions are intended to promote the "just, speedy, and inexpensive determination" of this action, pursuant to Federal Rule of Civil Procedure 1.

A. The Parties need not review or log documents prepared by or sent to or from their outside legal counsel or their in-house legal department attorneys with regard to this matter and its underlying claims. Also, the Parties need not provide a log or list of documents produced in redacted form, so long as the redactions are clearly marked on the documents as redactions (except that redactions of "bcc"s to legal counsel need not be marked).

B. A Party that fully withholds any other ESI or documents on the grounds of attorney-client privilege, work product protection, and/or any other applicable privilege or protection shall provide a listing of each item in a native Excel (.xls) spreadsheet format providing the information extracted from the following objective metadata fields: document date, author(s), recipient(s) (including all addressees, ccs, and bccs), and file type. For e-mail chains, Parties need only provide identifying information with respect to the top-most e-mail in the chain. Parties shall also indicate for each entry on the list the nature of the privilege and/or protection being asserted (i.e., attorney-client privilege or work product protection). For purposes of this paragraph, "objective metadata" does not include substantive content from, or a subjective description of, the document or ESI being withheld.

C. Each Party can for good cause select up to 5% of the listings identified on the opposing Party's privilege spreadsheets and request that the withholding Party provide additional information about those listings. The

        additional information is limited to the following: subject matter metadata field (to the extent it exists) of those documents (which shall be limited to avoid revealing any privileged information); a more detailed breakdown of the document structure covered by a group listing (whether a chain of e-mails, a document with attachments, or another categorization of documents covered by a single privilege log entry); the identity and affiliation of any persons sending, receiving or otherwise seeing the documents or ESI; whether a person identified in the entry is an attorney and for whom; and any other information necessary to support the withholding Party's claim of privilege or other protection.

    D.    In the event that a dispute over privilege list issues or the assertion of privilege or protection over withheld or redacted ESI or documents arises that cannot be resolved amicably by the Parties meeting and conferring in good faith, any Party may seek the assistance of the Court to resolve the issues.

12.    Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**SIGNED this 8th day of August, 2018.**

                                                 ROBERT W. SCHROEDER III
                                               UNITED STATES DISTRICT JUDGE