IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| LISA TORREY, *et al.*, § § § Plaintiffs, § § v. § § INFECTIOUS DISEASES SOCIETY OF § AMERICA, *et al.*, § § § Defendants. § § | CIVIL ACTION NO. 5:17-CV-00190-RWS |

### ORDER

Before the Court are Defendant Infectious Diseases Society of America's Motion to Stay Pending Resolution of Motion to Dismiss and Motion for Summary Judgment (Docket No. 359), Defendant's Rule 11 Motion for Sanctions (Docket No. 381) and Plaintiffs' Motion to Compel (Docket No. 402).[1, 2]  The Court heard argument in the above-captioned case on April 23, 2021. Docket No. 397.  The Court takes each motion in turn.

### I.  Motion to Stay

Defendant moved to stay the case pending the resolution of the dispositive motions.  *See* Docket No. 359.  At the time, the motion was opposed.  *Id.*  However, the Court later stayed the case based on the parties' joint requests to continue all deadlines, the parties' statements at the

---

[1] At the time the motion was filed, several individual doctors were also defendants in the case and signed onto the motion, including Dr. Gary P. Wormser, Dr. Allen Steere, Dr. Raymond J. Dattwyler, Dr. John J. Halperin, Dr. Eugene Shapiro and Dr. Leonard Sigal (collectively, the "Doctors").  They have since been dismissed from the case.  Docket No. 396.

[2] Plaintiffs also sued the insurance providers Anthem, Inc., Blue Cross and Blue Shield of Texas, Aetna, Inc., Cigna Health and Life Insurance Company (sued as Cigna Corporation), Kaiser Foundation Health Plan, Inc. (sued as Kaiser Permanente, Inc.), United Healthcare Services, Inc., Unitedhealth Group Inc. and Blue Cross and Blue Shield Association (collectively, the "Insurance Defendants").  At this time, the suit against these parties has either been stayed for notice of settlement or dismissed.

motions hearing, the parties' agreement that the case could not be tried in its trial setting and the parties effectively treating the case as stayed. *See* Docket No. 406. Accordingly, Defendant's motion to stay (Docket No. 359) is **DENIED-AS-MOOT**.

## II.     Motion for Sanctions

Defendant moved for sanctions pursuant to Federal Rule of Civil Procedure 11, alleging that Plaintiffs continued to pursue claims against Defendant that they knew had no factual basis. *See* Docket No. 381. Defendant argues that discovery and Plaintiffs' own Second Amended Complaint confirmed that Plaintiffs' core allegations regarding Defendant and the Doctors lacked evidentiary support. *Id.* at 11. Defendant asserts that Plaintiffs' RICO and antitrust claims all rest on the allegations that the Insurance Defendants paid the Doctors to write false Lyme disease guidelines. *Id.* (citing Docket No. 352 ¶¶ 38, 55). But while the alleged payments were critical to Plaintiffs' claims, Defendant asserts that, in their Second Amended Complaint, Plaintiffs admit they do not have evidence of any such payments—instead, Plaintiffs alleged they needed discovery to develop evidence of such payments, even though fact discovery is closed. *Id.* (citing Docket No. 352 ¶¶ 50, 53). Defendant argues that Plaintiffs had their reasonable opportunity for discovery, but it is now apparent that they brought—and continue to pursue—their claims "as a gamble that something might come of it rather than on the basis of the facts at hand." *Id.* at 13 (citing *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006)). Defendant asserts that the Fifth Circuit has previously affirmed the imposition of sanctions for this strategy. *Id.* (citing *Chapman & Cole v. Itel Container Intern. B.V.*, 865 F.2d 676, 685 (5th Cir. 1989*)*). Defendant asserts that Plaintiffs should have withdrawn their claims at the close of discovery, but instead they did the opposite and filed a Second Amended Complaint—which is the violation of Rule 11 that warrants sanctions. *Id.* Defendant further contends that Plaintiffs should also be

sanctioned for adding new misrepresentation claims at the end of fact discovery that could have been included in their complaint at the outset of the case. *Id.* at 13–14. Defendant requests that the Court impose appropriate sanctions under Rule 11 against Plaintiffs and their attorneys, including dismissing Plaintiffs' claims and awarding Defendant its legal fees and costs. *Id.* at 14.

Plaintiffs respond that Defendant's motion should primarily be denied for two reasons: (1) the destruction of evidence and (2) the existence of evidence related to payments between the Insurance Defendants and the Doctors. Docket No. 388 at 3. The Court addressed these contentions in its order on summary judgment. *See generally* Docket No. 407. Plaintiffs further respond that their Third Amended Complaint addressed the issues raised in Defendant's motion, including removal of reference from prior complaints that discovery was needed. Docket No. 388 at 10. Plaintiffs also assert that they represented to Defendant that they were dismissing their RICO claims and claims against the Doctors, but Defendant still brought its Rule 11 motion for Plaintiffs continuing to maintain claims Defendant knew Plaintiffs were dropping. *Id.* at 11–12.

Under Rule 11, when signing or filing a pleading, written motion or other paper an attorney certifies that:

> [T]o the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

FED. R. CIV. P. 11(b)(1–3). In determining whether an attorney has complied with Rule 11, "the standard under which an attorney is measured is an objective, not subjective, standard of

reasonableness under the circumstances." *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc).

Having reviewed the parties' arguments and pleadings on this issue, the Court is of the opinion that Defendant's motion for sanctions (Docket No. 381) should be **DENIED**. Although the Court agreed that some of the assertions lacked the requisite evidence to survive summary judgment, the Court does not find that this rises to the level of sanctionable conduct. Further, the Court is not inclined to award sanctions on issues that are, and in this case were, more properly disposed of in dispositive motions.

### III.     Motion to Compel

Plaintiffs moved to compel document production related to their antitrust claims. *See* Docket No. 402. The Court has since dismissed Plaintiffs' antitrust allegations, and in so doing explained why their motion to compel was both procedurally improper and substantively meritless. *See generally* Docket No. 407; *see also id.* at 8 n.4. Accordingly, Plaintiffs' motion to compel (Docket No. 402) is **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 27th day of September, 2021.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE