IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| LISA TORREY, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:17-cv-00190-RWS |
| INFECTIOUS DISEASES SOCIETY OF AMERICA, *et al.*, | § § § § | |
| Defendants. | § § | |

## DEFENDANT IDSA'S MOTION FOR ENTRY OF ITS BILL OF COSTS

After nearly four years of discovery and motions practice, all claims Plaintiffs Lisa Torrey, et al. brought against Defendant Infectious Diseases Society of America ("IDSA") have been dismissed with prejudice. See Dkt. 396 (April 22, 2021) (Joint Stipulation of Dismissal dismissing Plaintiffs' RICO claims against IDSA with prejudice); Dkt. 407 (September 1, 2021) (Order dismissing Plaintiffs' antitrust claims against IDSA with prejudice); Dkt. 408 (September 20, 2021) (Order dismissing Plaintiffs' misrepresentation claims with prejudice).[1]  IDSA therefore is entitled to recover its costs from Plaintiffs.

Pursuant to Local Rule 54 and the Court's Standing Order Regarding Bills of Costs (January 15, 2016) ("Standing Order"), IDSA submitted a proposed Bill of Costs to Plaintiffs' attorneys by email on October 5, 2021.  Plaintiffs' attorneys did not respond, and IDSA sent

---

[1] On October 19, 2021, Plaintiffs filed a Notice of Appeal (Dkt. 412) appealing to the United States Court of Appeals for the Fifth Circuit this Court's Order dismissing Plaintiffs' misrepresentation claims with prejudice. On December 10, 2021, the Fifth Circuit granted IDSA's opposed motion to dismiss Plaintiffs' appeal for lack of jurisdiction but without prejudice to the refiling of a notice of appeal once all parties have been dismissed. Dkt. 414. On January 3, 2022, the Fifth Circuit issued its mandate and provided a certified copy of the judgment to this Court. Dkt. 415.

follow-up emails on October 12, 2021, and October 19, 2021.  On October 20, 2021, Plaintiffs' attorneys requested additional detail regarding IDSA's proposed costs.

On October 23, 2021, IDSA sent Plaintiffs' attorneys by email additional detail regarding IDSA's proposed costs.  Plaintiffs' attorneys did not respond, and IDSA sent follow-up emails on November 8, 2021, November 15, 2021, and December 15, 2021.  Plaintiffs' attorneys still did not respond.

Pursuant to Federal Rule of Civil Procedure 54(d) and the Standing Order, costs are to be awarded to the prevailing party as a matter of course, unless the Court directs otherwise.  28 U.S.C. § 1920 permits the following recoverable costs:

>   (1)   Fees of the clerk and marshal;
>
>   (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>   (3)   Fees and disbursements for printing and witnesses;
>
>   (4)   Fees for exemplification and the costs of making copies of any materials where the copies;
>
>   (5)   Docket fees under section 1923 of this title;
>
>   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Standing Order at 2 (citing 28 U.S.C. § 1920).

IDSA seeks the following recoverable costs:

| | |
|---|---|
| ■ Filing fees paid to the clerk for the pro hac vice admission of three attorneys for IDSA. | $300.00 |
| ■ Fees paid to court reporting agencies for taking, transcribing, and reproducing depositions in the case, all of which were of parties and all of which necessarily obtained for use in the case.  See *Nissho-Iwai Co. v. Occidental Crude Sales*, 729 F.2d 1530, 1553 (5th Cir. 1984).  These fees were | $32,297.76 |

| | | |
|---|---|---|
| | lower than they otherwise would have been because for most of the depositions IDSA paid only a fraction of the court reporting fees under a cost-sharing arrangement with the other Defendants. | |
| ■ | Copying charges to prepare witness binders for party depositions in the case. | $387.30 |
| ■ | Fees paid to Edward Goodman, M.D., who was appointed by the Court to conduct the independent medical exams.  Dkt. 303 Order (March 17, 2020) ("The Court appoints Dr. Goodman to conduct the IMEs."). | $10,955.00 |
| | **Total:** | **$43,940.06** |

Each category of costs is recoverable under Rule 54(d) and 28 U.S.C. § 1920, and IDSA incurred and paid for the costs for which reimbursement is sought.  *See* Exhibit A (IDSA bill of costs); Exhibit B (detailed breakdown of IDSA bill of costs).

IDSA respectfully requests that the Court enter judgment against Plaintiffs to award IDSA costs of $43,940.06.

Dated:  January 6, 2022

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

BY:  /s/ *Ronald Casey Low*
RONALD CASEY LOW

Ronald Casey Low
State Bar No. 24041363
401 Congress Avenue, Suite 1700
Austin, TX 78701
Phone:  (512) 580-9616
Fax:  (512) 580-9601
Email: casey.low@pillsburylaw.com

Alvin Dunn – *Lead Attorney*
(*pro hac vice*)
Michael Warley (*pro hac vice*)
1200 Seventeenth St. NW
Washington, DC 20036
Tel:  (202) 663-8000
Fax: (202) 663-8007
Email: alvin.dunn@pillsburylaw.com
Email: michael.warley@pillsburylaw.com

***ATTORNEYS FOR DEFENDANT INFECTIOUS DISEASES SOCIETY OF AMERICA***

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2022, the foregoing Defendant IDSA's Motion for Entry of Its Bill of Costs was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Ronald C. Low
Ronald C. Low

## CERTIFICATE OF CONFERENCE

IDSA's counsel has complied with the meet and confer requirement in Local Rule CV-7(h).  As described in the Motion, Plaintiffs' attorneys failed to respond to repeated emails sent by IDSA pursuant to the Court's Standing Order Regarding Bills of Cost asking whether they had any disagreement with IDSA's proposed bill of costs and stating that if there are any areas of disagreement, IDSA is prepared to compromise and make every effort to submit an agreed bill of costs to the Court.

/s/ Alvin Dunn
Alvin Dunn